OPINION
{¶ 1} Defendant-appellant, Danny McWhorter, Sr., appeals his conviction in the Middletown Municipal Court for child endangering.
 {¶ 2} On December 28, 2005, the Middletown Police Department received a phone call from the mother of appellant's two-year-old grandson, reporting that the child had been left alone in one of the apartments located at 1913 Manchester Avenue in Middletown. Middletown Police Officer Paris Johnson went to that location to investigate the complaint, and discovered that the residence at 1913 Manchester Avenue is a two-family dwelling. Officer Johnson knocked on the door of the first floor residence, and appellant answered the door. Officer Johnson advised appellant, appellant's wife, and appellant's sister-in-law of the complaint that had been made. Appellant stated that the child had not been left alone and was fine. Officer Johnson walked upstairs from the first floor residence to the second floor residence, which is separated by an interior door that was shut but not locked, and found the child asleep in his crib. There were no adults in the second floor residence at this time.
 {¶ 3} Appellant was arrested, and charged with one count of child endangering in violation of the City of Middletown Codified Ordinances ("Middletown Code") 636.11(a). After a bench trial, the trial court found appellant guilty of child endangering. Appellant appeals his conviction, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS GUILTY OF CHILD ENDANGERING."
 {¶ 6} Appellant raises several arguments challenging the sufficiency of the evidence supporting his conviction. Appellant maintains the evidence presented was insufficient to prove that he created a substantial risk to the health or safety of his grandson in leaving the child alone in the upper residence of the two-family dwelling while the child was sleeping in his crib. We agree.
 {¶ 7} In reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 8} Appellant was convicted of child endangering in violation of Middletown Code 636.11(a), which provides:
 {¶ 9} "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under 18 years of age or a mentally or physically disabled child under 21 years of age, shall create a substantial risk to the health or safety of the child by violating a duty of care, protection, or support. * * * "
 {¶ 10} "Substantial risk" is defined in Middletown Code 606.01(aa) as "[a] strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."
 {¶ 11} In determining whether a defendant has committed child endangering, this statute does not permit the trier of fact to make an inference upon an inference in order to transform a speculative risk into a substantial risk. State v. Caton (2000), 137 Ohio App.3d 742,751. To prove the requisite "substantial risk" element, the there must be some evidence beyond mere speculation as to the risk of harm that could potentially occur due to a single imprudent act. Id.
 {¶ 12} The parties dispute whether the child's father left appellant in charge of watching the child or whether appellant knew he was in charge of watching the child. The trial court found that appellant was responsible for watching the child, and we will not disturb that finding.[1]
 {¶ 13} However, we find that the evidence presented was insufficient to prove that appellant created a substantial risk to the health or safety of the child simply by leaving the child asleep in his crib on the second floor of a two-family dwelling. At trial, Danny McWhorter, Jr., the child's father, testified that when he put his son to sleep, the child had been fed and bathed, and that his crib had clean bed linens. McWhorter, Jr. also testified that although he and his father live in separate residences in the two-family dwelling, their residences are only separated by a "revolving door," which does not lock, and that the door is merely used to keep appellant's dogs out. Further, Officer Johnson's testimony indicates that he easily navigated from appellant's apartment through this door, and upstairs to McWhorter, Jr.'s apartment.
 {¶ 14} We decline to adopt the city's proposition that because the child was left alone in a separate "residence," appellant created a substantial risk to the health or safety of the child. In this case, the separate residence, where the child was sleeping, is the second floor of a dwelling that is easily and readily accessible directly from the first floor residence. Under this factual scenario, we decline to find a meaningful distinction between this particular two-family dwelling with a first and second floor residence, and a one-family dwelling that consists of two floors. Certainly, a person responsible for watching a child does not necessarily create a substantial risk to the health or safety of the child simply by leaving the child alone to sleep in a crib on a separate floor of a one-family dwelling. Likewise, appellant did not create a substantial risk to the health and safety of his grandson by leaving him alone to sleep in his crib on the second floor of his dwelling while he visited with his wife and sister-in-law on the first floor. The city has merely presented arguments alleging speculative risk of harm that the child potentially faced, which is insufficient to satisfy the requirements of Middletown Code 636.11(a).
 {¶ 15} Even construing the evidence in the light most favorable to appellee, we hold that the evidence was insufficient to convict appellant of child endangering in violation of Middletown Code 636.11(a). Appellant's first assignment of error is sustained.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 18} This assignment of error is moot based on our resolution of appellant's first assignment of error. See App.R. 12(A) (1 )(c).
Judgment reversed.
POWELL, P.J., and YOUNG, J., concur.
[1] We note that in making this finding, the trial court indicated that it relied on Danny McWhorter, Jr.'s statements at his own arraignment hearing on similar charges that were later dismissed. We caution the trial court against relying on an unsworn statement by a declarant who was not subject to cross-examination in making a finding as to an essential element of the offense. However, since McWhorter, Jr. gave similar testimony at appellant's trial, we find that any error the trial court may have made in this regard to be harmless.